ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARTA PÉREZ GUZMÁN<br><br>Peticionaria<br><br>vs.<br><br>EDWIN PÉREZ ROSA<br><br>Recurrido | KLCE202400137 | *CERTIORARI*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Caguas<br><br>Civil Núm.:<br>CG2023CV03804<br><br>Sobre: Auto<br>Inhibitorio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2024.

El día 1 de febrero de 2024, la parte peticionaria presentó "Petición de *Certiorari*" junto a "Moción Solicitando Auxilio de Jurisdicción". Este Recurso se trae contra una Sentencia del Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante TPI. Por Resolución de este Tribunal de Apelaciones del 2 de febrero de 2024 se declaró Ha Lugar la "Moción Solicitando Auxilio de Jurisdicción" y se ordenó la paralización inmediata de los procedimientos del presente caso y del caso con el número Q2023-0527 ante el Tribunal Municipal de Caguas. Además, se le concedió a la parte recurrida un término de cinco (5) días a partir de la notificación de dicha Resolución, para que exprese su posición de así desearlo.[1]

Se trata de un Recurso en que se recurre de una Sentencia que niega, sin vista, el recurso de Auto Inhibitorio que solicitó ante el TPI la parte aquí peticionaria. Al estar frente a una sentencia

_____

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Número Identificador
SEN2024 _____

del TPI, el recurso correcto debió ser una Apelación y manteniendo el mismo alfanumérico, lo atenderemos como apelación.

Transcurrido el término concedido, no ha comparecido el recurrido y, conforme informado en nuestra pasada Resolución, aunque no ha comparecido la parte apelada, damos por perfeccionado el presente recurso y pasamos a resolverlo.

**I.**

La parte peticionaria, el pasado 8 de noviembre de 2023, presentó un recurso de Auto Inhibitorio ante el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante TPI). En dicho recurso se solicito que el Tribunal Superior expidiera el mismo y de esa forma que una Jueza del Tribunal Municipal de Caguas no pudiera continuar atendiendo la controversia que tenía ante su consideración al amparo de la Ley 140 de 23 de julio de 1974, según enmendada.

Dicho Auto Inhibitorio se presenta luego que la parte recurrida presentó ante el Tribunal Municipal de Caguas, el 23 de junio de 2023 y al amparo de le Ley 140, supra, una solicitud de remedio provisional por los hechos que narramos a continuación.

La aquí peticionaria, quien vive en Moca, Puerto Rico, vendió en el Municipio de San Sebastián, al recurrido (promovente en el caso que provoca la Resolución que emite la Sala Municipal de Caguas al amparo de la Ley 140, supra, en la cual, además, surge que la fecha de la venta fue el 16 de mayo de 2023), Edwin Pérez Rosa, quien compra un vehículo de motor Marca Scion del año 2008.

En dicha querella se indica que ese vehículo, al llegar a la autopista de Cayey, se dañó y llamaron a la vendedora y esta indicó que no procedía ningún cambio en la transacción pues "el carro estaba bueno", según reza la querella.

El mismo día de la querella una juez del Tribunal Municipal de Caguas cita, al amparo de la Ley 140, para una vista denominada final, a celebrarse el 21 de julio de 2023. Luego de celebrada la vista en la fecha antes indicada, dicha Juez del Tribunal Municipal de Caguas emite una Resolución en donde hace determinaciones de hechos a base de dirimir la credibilidad de los testigos y al amparo de la Ley 140, supra, emite una orden contra la peticionaria, Sra. Marta Pérez Guzmán, concediéndole 60 días calendario para entregarle $3,000.00 a Edwin Pérez Rosa, aquí recurrido.

La peticionaria, presenta en dicho procedimiento ante el Tribunal Municipal de Caguas, el 8 de septiembre de 2023 una Moción Solicitando se Deje Sin Efecto Resolución en la cual señala que no hay jurisdicción al amparo de la Ley 140, supra, para que el Tribunal pueda atender esa controversia.

El Tribunal Municipal de Cayey/Caguas la acoge como Solicitud de Reconsideración y el 11 de septiembre de 2023 emite No Ha Lugar a la Moción. La parte Peticionaria presenta el 26 de septiembre de 2023 una Segunda Moción Solicitando Nulidad de Resolución ante el mismo Tribunal y el 2 de octubre de 2023 se dicta una determinación de No Ha Lugar a dicha Segunda Moción.

El 22 de septiembre de 2023 la jueza Municipal que atendía el caso, emitió Orden para citar a vista de desacato, a petición del recurrido y esa Orden fue registrada el mismo 22 de septiembre de 2023. Dicha vista se citó para el 11 de octubre de 2023 a las 9:30 am.

La parte peticionaria, por conducto de su abogado, presentó el 6 de octubre de 2023 una Moción Solicitando Transferencia de Señalamiento y la vista se señaló para el 14 de noviembre de 2023.

El 8 de noviembre de 2023 se presentó Auto Inhibitorio contra la Honorable Juez Ingrid Soami Caro Cobb o cualquier otro juez que entienda en el caso Civil Número Q2023-0527, Edwin Pérez Rosa v. Marta Pérez Guzmán en la que la parte aquí peticionaria reclama que la jurisdicción al amparo de la Ley 140 no es del Tribunal Municipal de Caguas, pues vendedora vive en Moca y además se trata de una querella por $7,000 y la ley 140 limita que se pueda usar solo en querellas por un máximo de $3,000 y por ello se reclama se dictó sin jurisdicción. El número del caso que reclama el Auto Inhibitorio es CG2023CV03804 y en ese caso se dictó Sentencia desestimando el mismo y contra esa Sentencia aquí se recurre.

El 10 de noviembre de 2023 se dictó Sentencia denegando el Auto Inhibitorio. El 29 de noviembre de 2023 se presentó Moción de Reconsideración por la peticionaria y el 2 de enero de 2024 se emite y notifica un No Ha Lugar a dicha Reconsideración.

El día 1 de febrero de 2024, la parte peticionaria presentó "Petición de *Certiorari*" junto a "Moción Solicitando Auxilio de Jurisdicción". Por Resolución del 2 de febrero de 2024 se declaró Ha Lugar la "Moción Solicitando Auxilio de Jurisdicción" y se ordenó la paralización inmediata de los procedimientos del presente caso y del caso con el número Q2023-0527 ante el Tribunal Municipal de Caguas.

En la Petición de Certiorari se reclama el siguiente Señalamiento de Error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CAGUAS, AL DENEGAR LA EXPEDICION DEL AUTO INHIBITORIO, AUN CUANDO EL TRIBUNSAL A (SIC) ESTADO ACTUANDO UNA CAUSA DE ACCIOM ALLI RADICADA SIN TENER JURISDICCION.

En la Resolución del 1 de febrero se le indicó a la parte recurrida para que en un término de cinco (5) días contados a

partir de la notificación de dicha Resolución, expresara su posición en torno al recurso, de así desearlo y no lo hizo. Estamos en posición de atender el recurso.

Veamos el derecho aplicable.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

A esos efectos, la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el

Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**B.**

El artículo 664 del Código de Enjuiciamiento Civil, hoy Ley de Procedimientos Legales Especiales, define el recurso de auto inhibitorio como:

> [A]uto expedido por **un Tribunal de Primera Instancia** dirigido al juez y a la parte de un pleito entablado en un tribunal inferior, en el que se les ordena la paralización de todo procedimiento del mismo significándoles que la causa original o algún incidente surgido en dicho pleito no es de su competencia sino de la de otro tribunal; o cuando al ejercer funciones de su competencia el tribunal

inferior anulare un derecho legal, o para impedir que un juez conceda una nueva vista, una vez vencido el término señalado para la celebración del juicio.

32 L.P.R.A. § 3461.

En el artículo 666 del mismo cuerpo legal se dispone:

Se solicitarán autos inhibitorios bajo declaración jurada por medio de solicitud, en la misma forma que se solicitan los autos de *mandamus* , y si el motivo aducido satisficiere ampliamente al tribunal, se expedirá entonces un auto en el cual se ordenará al tribunal y a la parte a quienes fuere dirigido, que desistan y se abstengan de nuevos procedimientos en el litigio o asunto que en el mismo se especificare, hasta nueva orden del tribunal que expidiere el auto, y entonces que demuestren el motivo por el cual no debería absolutamente impedírseles cualquier procedimiento ulterior en dicho litigio; **Disponiéndose, que no podrá expedirse ningún auto inhibitorio para impedir cualquier resolución de tribunales inferiores que fuere revisable por medio de apelación.**

32 L.P.R.A. § 3463.

En lo que atañe al foro con jurisdicción para expedirlo, en el artículo 665 específicamente se expresa que "[e]l **Tribunal Supremo y el Tribunal de Primera Instancia** quedan por la presente autorizados y con facultad para expedir autos inhibitorios". 32 L.P.R.A. § 3462. No concedió la Asamblea Legislativa autoridad jurisdiccional al Tribunal de Apelaciones para entender en la expedición de autos inhibitorios. La Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 L.P.R.A. sec. 24 *et seq.*, dispone sobre la autoridad de las dos instancias judiciales apelativas en Puerto Rico para emitir autos extraordinarios lo siguiente:

**Artículo 3.002.-Competencia del Tribunal Supremo**

El Tribunal Supremo o cada una de sus Salas conocerá de los siguientes asuntos:

(a) En primera instancia, de recursos de *mandamus*, *hábeas corpus*, *quo warranto*, ***auto inhibitorio* y de aquellos otros recursos y causas que se determinen por ley**. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus*, pero su resolución en tales casos estará

sujeta a revisión por el Tribunal Supremo, el cual, siempre que ello fuere solicitado por parte interesada dentro de los diez (10) días después que le fuere notificada, revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

[…]

4 L.P.R.A. sec.

**Artículo 4.006.- Competencia del Tribunal de Apelaciones**

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.

(b) **Mediante auto de *Certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia**.

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. […]

(d) **Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus***, […]

(e) Cualquier otro asunto determinado por ley especial.

4 L.P.R.A. sec. 24y. Énfasis nuestro.

## C.

Una vez se dicta una sentencia en un caso ante el Tribunal de Primera Instancia, son las Reglas de Procedimiento Civil vigentes las que regirán las cuestiones relativas a las formalidades y procedimientos que se deben cumplir para presentar un recurso de apelación.  Es la Regla 52 de Procedimiento Civil, *supra*, la que regula lo referente a este tipo de procedimiento.  Específicamente a esos efectos, la Regla 52.1 dispone que:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las Reglas que adopte el Tribunal Supremos de Puerto Rico.

La Regla 52.2 de Procedimiento Civil dispone en su inciso (a) y citamos:

> (a) Recursos de Apelación Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

El recurso de apelación ante el Tribunal de Apelaciones está regulado por el Artículo 4.006 (a) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada. 4 L.P.R.A. § 24y.

Dicho artículo nos indica en sus inicios lo siguiente:

> "El Tribunal de Apelaciones conocerá de los siguientes asuntos:
> (a) Mediante recurso de apelación de toda Sentencia final dictada por el Tribunal de Primera Instancia."

De igual forma la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, también rige lo referente al término para la presentación de los recursos de apelación. Ésta dispone, en parte, que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.

**D.**

**La competencia del Tribunal General de Justicia.**

La Sección 2 del Art. V de la Constitución del Estado Libre Asociado, LPRA, Tomo I, establece un sistema judicial unificado en relación con la jurisdicción, funcionamiento y administración de los tribunales. Véase, además, Art. 2.001 de Ley de la Judicatura del Estado Libre Asociado de Puerto Rico (Ley de la Judicatura),

Ley Núm. 201-2003 (4 LPRA sec. 24b). Los términos jurisdicción, funcionamiento y administración deben interpretarse liberalmente para poder alcanzar el propósito de unificación. Vives Vázquez v. E.L.A., 142 DPR 117, 135 (1996).

La jurisdicción le reconoce al sistema judicial la facultad o autoridad para resolver casos y controversias. Vives Vázquez v. E.L.A., supra. El Tribunal Supremo de Puerto Rico ha resuelto que, ante la ausencia de jurisdicción, "lo único que puede hacer [un tribunal] es así declararlo y desestimar el caso". Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 355 (2003), citando a Vega et. al. v. Telefónica, 156 DPR 584 (2002). Ahora bien, los términos jurisdicción y competencia no son sinónimos. La competencia se refiere a cómo se distribuye el trabajo judicial entre los diferentes tribunales y salas que componen el Tribunal General de Justicia. Cosme v. Hogar Crea, 159 DPR 1, 7 (2003).

Nuestro Tribunal Supremo ha definido la competencia como la forma y manera en que se organiza y se canaliza el ejercicio de la jurisdicción que posee un tribunal. Lemar S.E. v. Vargas Rosado, 130 DPR 203 (1992). A esos efectos, la Regla 3.2 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A Ap. V R. 3.2, dispone que:

> *Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.*
>
> *Todo pleito podrá tramitarse en la sala en que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.*

En esencia, las reglas de competencia establecen la tramitación ordenada de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada. Rodríguez v. Cingular, 160 DPR

167 (2003); <u>Lemar S.E. v. Vargas Rosado</u>, *supra.* El fin perseguido a través de las reglas de competencia, al igual que las de traslado, es promover la mejor distribución de los casos y asuntos a través del sistema, procurando así una más eficiente utilización de los recursos y velando más cabalmente porque se haga justicia. <u>Vives Vázquez v. ELA.</u> supra*.

No obstante, bajo el diseño constitucional vigente de un sistema judicial unificado, la radicación de un asunto en una sala de distinta competencia no priva a dicho foro de jurisdicción: la falta de competencia no es defensa válida para la desestimación de la acción. <u>Gómez Hnos., Inc. v. Tribunal Superior</u>, 100 DPR 625 (1972); <u>Pueblo v. Tribunal Superior</u>, 84 DPR 140 (1961), y <u>Pueblo v. Ortiz Marrero</u>, 106 DPR 140 (1977).

Por su parte, la Regla 3.6 de las Reglas de Procedimiento Civil de Puerto Rico del 2009, 32 LPRA Ap. V R. 3.6, dispone que:

> (a)    *Presentado un pleito en una sala que no sea la apropiada, si la parte demandada desea impugnar la falta de competencia de dicha sala, deberá presentar una moción, dentro de un término no mayor de treinta (30) días a partir de la fecha de la notificación de la demanda y el emplazamiento, para que el pleito sea trasladado a la sala correspondiente.  La moción deberá establecer en detalle los hechos que fundamentan la solicitud de traslado, a menos que de la faz de la demanda, o de los autos del caso, surjan los hechos en que se funda la referida moción.  De no presentarse escrito alguno en oposición a la moción de traslado dentro de los diez (10) días de haberse notificado la referida moción, el caso será trasladado a la sala correspondiente.*
> *La presentación de cualquier moción o de una alegación responsiva dentro del referido término de treinta (30) días no se considerará como una renuncia al derecho a solicitar el traslado.*
> (b)    *Cuando la conveniencia de las personas testigos o los fines de la justicia así lo requieran, el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala.*

El sistema de jurisdicción unificada de los tribunales de Puerto Rico impide que un caso sea desestimado por haberse presentado en una sala sin competencia. Regla 3.2 de Procedimiento Civil, *supra*. Ello se debe a que una Sala, aun cuando carezca de autoridad para atenderlo conforme a las reglas de competencia, sí tendría jurisdicción para resolver la controversia, aunque por consideraciones de la ordenada tramitación de los asuntos judiciales convenga su traslado a otra sala. Reglas 3.1 a 3.6 de Procedimiento Civil de Puerto Rico de 2009, 32 L.P.R.A. Ap. V, R. 3.1-3.6. Es por ello por lo que, el tribunal puede, *motu proprio*, trasladar el caso a la sala que corresponda. *Lemar S.E. v. Vargas Rosado,* supra, pág. 208.

**E.**

***Ley sobre Controversias y Estados Provisionales de Derecho.***

La Ley Núm. 140 del 23 de julio de 1974, según enmendada, y conocida como la Ley sobre Controversias y Estados Provisionales de Derecho,[2] fue creada con el propósito de establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias.[3] En específico, una persona mayor de edad podrá comparecer ante un magistrado y exponer bajo juramento en forma verbal o escrita de manera breve y sencilla, una querella con otra u otras personas sobre cualesquiera de las controversias o asuntos referidos en el artículo 2 de esta ley.[4]

La variedad de asuntos que se pueden atender a través de este procedimiento, taxativamente se enumera en dicha Ley 140,

---

[2] 32 L.P.R.A. Sec. 2871 *et seq*.
[3] Véase el caso *Depto. de la Familia v. Ramos* 158 D.P.R. 888, a las págs. 896 y 897 en la discusión de la exposición de motivos de dicha ley.
[4] Véase el artículo 3 de la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. Sec. 2873.

supra, y solo en esos casos allí detallados, un Juez podrá emitir la adjudicación provisional de una de las controversias allí enumeradas.

Es importante destacar que un estado provisional de derecho que se emite válidamente, al amparo de esta ley *será obligatorio* entre las partes hasta que la controversia no sea ventilada en una acción ordinaria.[5]  Es decir, los magistrados tienen discreción para, en aquellos casos que se les autoriza por dicha ley, fijar la vigencia de un estado provisional de derecho y mientras esté vigente obligará a las partes.

En ese sentido, una orden, dictada con jurisdicción sobre la materia que detalla la ley 140, supra, resolviendo una controversia y fijando un estado provisional de derecho, será inapelable.  No obstante, ello no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma, ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho.[6]

Ahora bien, en el Artículo 2 de dicha Ley 140, codificado en 32 L.P.R.A. § 2872, tenemos la limitación jurisdiccional que posee un juez, cuando utiliza dicha ley 140, para atender alguna controversia.

Dicho artículo 2 dice y citamos:

"Mediante la presente los magistrados quedan facultados a intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada, según el trámite dispuesto en esta ley.
 Esta facultad comprende y abarca lo siguiente:
A. Controversias sobre colindancias y derecho de paso y controversias entre vecinos que afecten la convivencia y el orden social.
B. Controversias en casos de custodia de menores. — En estos casos se podrán fijar provisionalmente pensiones

---

[5] En específico, véase el artículo 3 inciso (d) de la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. Sec. 2873.
[6] Véase el artículo 5 de la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. Sec. 2875.

alimenticias de acuerdo con las necesidades del menor y de conformidad con los preceptos de ley que regulan esta materia.

C. Medidas provisionales en casos de separación de cónyuges válidamente casados o personas en concubinato respecto a la posesión y uso de estructura destinada a fines residenciales, y aquellos bienes muebles enumerados y comprendidos en los incisos (1), (2), (3), (4), (4)(a), (5) y (6) del Artículo 249 del Código de Enjuiciamiento Civil, según enmendado, que establece las propiedades exentas de ejecución.

D. Controversias entre arrendadores y arrendatarios respecto a mejoras urgentes en propiedades destinadas para fines residenciales.

E. Controversias entre el dueño de obra y contratista, maestro o persona encargada, respecto a las condiciones, desarrollo y compensación de la obra que no excedan de tres mil dólares ($3,000).

F. Controversias entre el propietario de un vehículo de motor con mecánico, hojalatero y pintor respecto a la retención del vehículo, condiciones y compensación por trabajo.

G. Controversias en cuanto a la garantía y reparación de objetos muebles entre comprador y vendedor que no excedan de tres mil dólares ($3,000).

H. Toda reclamación de tipo salarial de un obrero contra su patrono que no exceda la cuantía de tres mil dólares ($3,000) o que surja de actuaciones u omisiones del patrono en violación de la legislación laboral que exijan remedios reparativos de carácter no monetario, tales como el cumplimiento estricto de determinada obligación o la cesación de determinada práctica.

I. Controversias en casos de crianzas de animales en distritos residenciales.

J. Controversias en las cuales se alegue la existencia de perturbaciones que fueren perjudiciales a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo el Artículo 277 del Código de Enjuiciamiento Civil, según enmendado, conocido como Ley sobre Perturbación o Estorbo.

K. Controversias en las cuales se alegue que el padre, madre o tutor de un menor o incapacitado no cumple con el deber de velar por el bienestar del menor o del incapacitado o por su comportamiento en la comunidad.

L. Controversias sobre la custodia de los bienes muebles del caudal hereditario de conformidad con los preceptos de ley que regulan la materia.

M. Controversias en las cuales se alegue maltrato físico o emocional de personas contra sus padres, tutores, encargados o con quienes residan o de los cuales dependan. En estos casos el Tribunal podrá ordenar medidas provisionales para proteger a los padres, tutores o encargados o con quienes residan o de los cuales dependan de la persona maltratante. Sin embargo y acorde a lo establecido por la Ley de la Judicatura de 1994 [Nota: Derogada y sustituida por la Ley 201-2003, según enmendada, "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"], cuando en los procedimientos se

involucre a un menor de edad, será el Tribunal superior el tribunal con competencia para atender el asunto, quien además, nombrará un Defensor Judicial que supla la capacidad jurídica del menor. N. [Derogado. Ley 243-2003, Art. 3]

O. Controversias entre profesionales de la salud u hospitales con sus pacientes, o entre parte con interés legítimo, respecto a la entrega de expedientes o récords del paciente.

Como único puede enmendarse un estado provisional de derecho es que se entable una acción ordinaria sobre los puntos adjudicados en ese procedimiento, entonces el tribunal competente podrá, en forma interlocutoria, enmendar o dejar sin efecto la orden del magistrado, si se le demostrase, con oportunidad de audiencia a la otra parte, error craso o circunstancias extraordinarias que así lo justifiquen.[7]

En dicha Ley 140, en el apartado G se indica que se podrán atender "Controversias en cuanto a la garantía y reparación de objetos muebles entre comprador y vendedor que no excedan de tres mil dólares ($3,000)". En el apartado F se indica que también se puede atender bajo dicha Ley 140 "Controversias entre el propietario de un vehículo de motor con mecánico, hojalatero y pintor respecto a la retención del vehículo, condiciones y compensación por trabajo".

## III.

La parte que hemos llamado peticionaria y que al resolver que aquí procede atender este caso como una apelación se le debe llamar apelante, pues se recurre de una sentencia final, plantea un solo error que se resume como que se ha utilizado la Ley 140 por un Juez sin competencia para atender la controversia. O sea, dicha parte descansa en la norma de que una sentencia o resolución dictada sin competencia es nula. Por ello denomina nula

---

[7] Véase el artículo 6 de la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. Sec. 2876.

la Resolución emitida por el Tribunal Municipal de Caguas, al amparo de la Ley 140.

Conforme hemos explicado antes, según dispone la Regla 3.2 de Procedimiento Civil, *supra,* el sistema de jurisdicción unificada de los tribunales de Puerto Rico impide que un caso sea desestimado por haberse presentado en una sala sin competencia. Ello implica que una Sala, aun cuando carezca de autoridad para atender la controversia por falta de competencia, conforme a las reglas de competencia, sí tendría jurisdicción para resolver toda controversia, aunque por consideraciones de la ordenada tramitación de los asuntos judiciales convenga su traslado a otra sala con competencia.

Ante ello, como la parte apelante nunca dio su anuencia a que el Tribunal Municipal de Caguas asumiera competencia en una controversia que no la tenía, lo prudente es revocar la negativa del Tribunal de Caguas a trasladar este caso, pues no tiene competencia para atenderlo. Dicha controversia trata en torno a un negocio que ocurrió en el Municipio de San Sebastián, que pertenece a la Región Judicial de Aguadilla y además existe un Tribunal Municipal en dicho Municipio de San Sebastián, que conforme a la Regla 3.2, supra, no habiendo anuencia de ambas partes para que se atendiera esta controversia en el Tribunal Municipal de Caguas, debió trasladarse al Tribunal De San Sebastián, sala con competencia para ver el caso y allí atenderse.

Utilizando esa prudencia y atendiendo este recurso contra la Sentencia del TPI que denegó intervenir con la actuación del Tribunal Municipal, procede revocar la Sentencia contra la que aquí se recurre y ordenar a dicho Tribunal que ordene al Juez o Jueza Municipal que corresponda, trasladar a la Sala Municipal de San Sebastián, con Competencia para atender la controversia que

ha atendido en Caguas sin tener competencia para ello el Tribunal Municipal de Caguas.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de esta Sentencia, se revoca la Sentencia contra la que se presentó este Recurso y se deja sin efecto la misma, así como se deja sin efecto la Resolución al amparo de la Ley 140, supra.  En consecuencia, se ordena al TPI que ordene al Tribunal Municipal de Caguas trasladar a la Sala Municipal del Tribunal de San Sebastián, con Competencia para atender la controversia que ha estado atendiéndose en Caguas, sin tener competencia para ello, conforme antes hemos indicado.

**Notifíquese Inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones